| iFOIL, Judge,
dissenting.
I respectfully dissent.
The taxpayers should not be responsible for the injuries sustained in this case. The trial court’s summary judgment should be affirmed.
This case is penal in nature. The Family Court held that this child, 15 years old, was in need of supervision. He was committed to the DPSC, Division of Youth Services, for care and treatment for a period not to exceed his eighteenth birthday. At first, he was placed in the Joy Home for Boys. His conduct was not acceptable there, so he was placed in the home of his grandmother.
On the day in question, the subject child and two other boys had a gun and it acci-dently discharged, allegedly injuring one of the boys.
Plaintiffs theory is that the state should be held responsible for lack of proper supervision by the child’s grandmother, because she was an agent of the state, since the state placed the child in her home. Apparently, the opinion of this court is that such a duty is owed. I respectfully disagree.
The majority opinion has far reaching implications. Suppose a defendant is placed on probation. Is the state responsible when the probated defendant has an automobile accident? Injures someone in a domestic dispute? Operates a lawn mower improperly and causes a rock to go in a neighbor’s eye? Is the state responsible because the defendant was placed on probation, rather than incarcerated? If the defendant does serve time and is paroled, is the state responsible for all of the parolee’s actions because the state paroled the defendant?
In this case, the Family Court felt that the child was in need of supervision. However, under the law, the Court provided for the child in such a way that prison custody was not advisable. However, if the state is to be held liable in instances such as this case, the state will have no alternative but to lock all the juvenile offenders up until they are 18.
For the foregoing reasons, I respectfully dissent. I would affirm the trial judge.